Coös,
March 4, 1930.

J. F. BELL & SONS CO.
*v.*
AMERICAN RAILWAY EXPRESS CO.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Edmund Sullivan* (by brief and orally), for the defendant.

PEASLEE, C. J. The only question transferred is whether "there was any competent evidence upon which the question of the defendant's

negligence should have been submitted to the jury." The plaintiff's claim is put upon two grounds: 1. that the common-law rule that the burden is upon the carrier to produce exculpatory proof (*Ostroff* v. *Hustis*, 80 N. H. 141) makes a *prima facie* case for the shipper, and 2. that there was affirmative evidence of the defendant's negligence.

1. In the contract for shipment it was agreed that in case of loss or damage the same "shall be proved by the shipper to have been caused by negligence of the carrier." The right of the carrier to vary or limit its common-law liability, so long as it does not undertake to contract for a release from liability for future negligence, is unquestionable. *Adams Express Company* v. *Croninger*, 226 U. S. 491; *Wright* v. *Railroad*, 81 N. H. 254. This is not denied; the position taken being that the contract which was made does not take from the shipper the right to rely upon the proposition that he makes a *prima facie* case by showing delivery to the carrier in good condition and a damaged condition when the carrier made delivery to him. The contract made is not susceptible of any such interpretation. It means what it says. The shipper must prove the carrier's fault. To construe it as the plaintiff claims, would leave the parties precisely where they would have been in the absence of any special agreement. *Merchants' &c Company* v. *Eichberg*, 109 Md. 211.

2. There was no evidence tending to prove how the horses were injured, other than testimony that in the opinion of a witness the injuries were probably caused by the horses "getting straddle of a fence," and that the situation was such that this could have occurred while the horses were being rested and fed at Montreal. Assuming that it could be found from this evidence that the injuries were received in the way and at the place alleged, the case is still fatally defective in its lack of anything tending to show that the occurrence resulted through any lack of due care on the part of the defendant. There is no suggestion either in the evidence or in argument as to wherein the defendant failed to perform its legal duty.

The doctrine *res ipsa loquitur* is not applicable, for this is not a case where an inanimate object was under the sole control of the defendant. *Boucher* v. *Railroad*, 76 N. H. 91. Proof was required by the contract, and evidence which only affords an opportunity to guess between possible causes does not amount to proof. *Dingman* v. *Merrill*, 77 N. H. 485, and cases cited.

The verdict for the defendant was properly directed.

*Judgment for the defendant.*

All concurred.